UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | |
|---|---|
| -v.- | 15 Cr. 667-10 (KPF) |
| TACOBY THOMAS, | **ORDER** |
| Defendant. | |

KATHERINE POLK FAILLA, District Judge:

This Court has received a *pro se* motion from Defendant Tacoby Thomas for compassionate release, in the form of immediate release from custody to begin serving his term of supervised release, pursuant to 18 U.S.C. § 3582(c)(1)(A); the motion was filed under seal because it contained information about Mr. Thomas's medical condition.  The Court has also received the Government's opposition to Mr. Thomas's motion.  (*See* Dkt. #602).  After reviewing the record, the Court agrees with the Government (*see* Dkt. #602 at 1-4) that Mr. Thomas's application to the Bureau of Prisons (the "BOP") on April 15, 2020, was not — and was not understood by the BOP to be — a request for compassionate release under § 3582(c)(1)(A) (*see* Dkt. #602-1).  Rather, Mr. Thomas's request was one for home confinement pursuant to 18 U.S.C. § 3624(c)(2) and the CARES Act.  The nature of the request is clear from, among other things, the facts that: (i) the request itself makes no mention of "compassionate release" or § 3582(c)(1)(A); (ii) the request instead seeks relief under the CARES Act, which expanded the ability of the BOP to transfer inmates to home confinement, *see* 18 U.S.C. § 3642(c); and (iii) the BOP response to the request similarly makes no mention of "compassionate

release" or § 3582(c)(1)(A), but instead refers to the CARES Act and possibility of transfers to home confinement pursuant to that Act.  (*See id.*).

This Court has previously concluded that "[a] defendant may move under § 3582(c)(1)(A) only after the defendant has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'"  *United States* v. *Sessum*, No. 15 Cr. 667-6 (KPF), 2020 WL 2836781, at *2 (S.D.N.Y. June 1, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)) (noting prior denial without prejudice because of failure to exhaust administrative requirements).  On this record, the Court concludes the same, and denies Mr. Thomas's application without prejudice to its renewal after he exhausts his administrative remedies under § 3582(c)(1).

Separately, Mr. Thomas seeks a judicial recommendation to the BOP that he be afforded the maximum time possible either in a residential reentry center/halfway house (or "RRC") or on home confinement.  (Dkt. #589).  The Government takes no position on this request.  The law in this area is ably summarized in a recent decision from the Eastern District of New York:

> Courts do not control BOP's initial halfway house placement determinations, but may issue non-binding recommendations.  Under the Second Chance Act, BOP has discretion to transfer an inmate to an RRC for up to the final year of his term of imprisonment.  *See* 18 U.S.C. § 3624(c); *United States* v. *Johnson*, No. 13-cr-92 (ENV), 2018 WL 5045757, at *2 (E.D.N.Y. Oct. 17, 2018).  In exercising this discretion, BOP must make an "individualized placement determination" considering,

among other factors, "any statement of the court that imposed the sentence ... recommending a type of penal or correctional facility as appropriate." *Johnson*, 2018 WL 5045757, at *2 (quoting 18 U.S.C. § 3621(b)). Courts may recommend RRC placements pursuant to this factor. *See, e.g.*, *United States* v. *Musumeci*, No. 07-cr-402 (RMB), 2020 U.S. Dist. LEXIS 9075 (S.D.N.Y. Jan. 15, 2020) (recommending a 12-month RRC stay). Such recommendations "have no binding effect" on BOP. 18 U.S.C. § 3621(b); *see also Levine* v. *Apker*, 455 F.3d 71, 80 (2d Cir. 2006). Courts often instead "'decline[ ] ... to independently recommend such a placement,'" finding BOP better suited to make decisions based on inmates' records and RRCs' availability. *United States* v. *McBride*, No. 17-cr-192 (FPG), 2020 WL 1905253, at *1 (W.D.N.Y. Apr. 17, 2020) (quoting *United States* v. *Venkataram*, No. 06-CR-102 (JPO), 2016 WL 11448569, at *2 (S.D.N.Y. Dec. 12, 2016)).

*United States* v. *Britton*, No. 09 Cr. 362 (ENV), 2020 WL 6146861, at *1

(E.D.N.Y. Oct. 16, 2020) (footnote omitted).

The Court has no objection to Mr. Thomas's placement in an RRC, but it

"declines ... to independently recommend such a placement." *Venkataram*,

2016 WL 11448569, at *2. The Court has not seen Mr. Thomas since his

sentencing in November 2016. It believes that the BOP has a broader

understanding of available resources, and is far better situated than the Court

to determine whether and when it would be most suitable to place Mr. Thomas

in an RRC. Accordingly, Mr. Thomas's motion for a judicial recommendation in

that regard is denied, and the Clerk of Court is directed to terminate the

motion at docket entry 589.

The Clerk of Court is further directed to mail a copy of this Order to Mr.

Thomas at his address of record.

SO ORDERED.

Dated:   November 5, 2020
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge